NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLAN TRACY GILMORE, | No. 11-55088 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-01823-DMS-JMA |
| v. | |
| DEBRA DEXTER, Warden and BILL LOCKYER, Attorney General, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and submitted March 7, 2012
Pasadena, California

Before: THOMAS, WARDLAW, and BERZON, Circuit Judges.

Allan Tracy Gilmore appeals the district court's denial of his petition for a

writ of habeas corpus. We affirm. Because the parties are familiar with the factual

and procedural history of the case, we need not recount it here in detail.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I

The California Court of Appeal's adjudication of Gilmore's claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(2); *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 783-84 (2011). The Court of Appeal denied relief on Gilmore's claim of ineffective assistance of counsel because the court determined that Gilmore had failed to submit any evidence with his claim and relied only on conclusory allegations. However, Gilmore did in fact tender a substantial amount of evidence with his State petition, none of which was mentioned by the Court of Appeal. Given the record actually before the State Court of Appeal, its conclusion was unreasonable under § 2254(d)(2).

Moreover, although Gilmore had diligently developed his ineffective assistance of counsel claim in the State court proceedings, the Court of Appeal's unreasonable evaluation of the facts caused it to reject Gilmore's request for an evidentiary hearing. Because Gilmore demonstrated the necessary diligence by requesting an evidentiary hearing before the state post-conviction relief court, 28 U.S.C. § 2254(e)(2) did not bar the federal court from ordering an evidentiary hearing. *See James v. Ryan*, ___ F.3d ___, 2012 WL 639292, at *21 (9th Cir.

2

2012). The federal district court was therefore justified in ordering a full evidentiary hearing on Gilmore's ineffective assistance of counsel claim

After hearing extensive testimony, the magistrate judge resolved the credibility issues in favor of Gilmore's counsel and against Gilmore. The magistrate judge concluded that Gilmore's attorney had relied upon Gilmore's representations as to his juvenile criminal history and the prosecutor's representation that she was unaware of any substantial juvenile criminal history. Given all of the circumstances, including the temporal exigencies surrounding the plea negotiations, the magistrate judge concluded that Gilmore had not overcome the "strong presumption" that defense counsel's conduct fell "within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Premo v. Moore*, 562 U.S. __ , 131 S. Ct. 733, 741-42 (2011).

On a close review of the record, we see no reversible error in the district court's decision to adopt the magistrate judge's determination that Gilmore's ineffective assistance of counsel claim should fail. We also conclude that the district court did not abuse its discretion in declining to admit evidence of counsel's interactions with previous clients.

II

The district court did not err in determining that Gilmore's plea was knowing and voluntary. The State trial judge and Gilmore engaged in a thorough plea colloquy. The trial judge repeatedly informed Gilmore about the maximum possible sentence he was facing by pleading guilty and, under oath, Gilmore repeatedly stated that he understood the terms of his plea agreement. Gilmore further represented that he was entering into his plea "freely and voluntarily," and the State court so found. In the collateral proceeding now before us, Gilmore's representations and the trial judge's findings constitute a "formidable barrier" to relief that Gilmore does not overcome. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The fact that Gilmore received a greater sentence than he hoped he would does not render his plea unknowing or involuntary. *Brady v. United States*, 397 U.S. 742, 757-58 (1970).

**AFFIRMED.**